■ STEVEN RETTEGI, Respondent, v. JOHN GREMELSBACKER et al., Appellants.— Judgment of the Supreme Court, Nassau County, entered December 5, 1966, affirmed, with costs. No opinion. Brennan, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Munder, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: In this negligence action the 34-year-old plaintiff, a pedestrian, seeks damages for injuries sustained by him when he attempted to cross Glen Street in the City of Glen Cove on February 27, 1965. On the trial he said that when he was on the sidewalk he looked both ways. He let one car pass from his left to his right and two cars in the other direction. He then saw no moving vehicles and started to cross. While crossing he did not look again. Before he reached the opposite side he was hit. He did not know where the car came from. The accident occurred between midnight and 1:00 A.M. He attempted to cross at the middle of the block. On cross-examination he said he walked straight across the six-lane road, did not look either way after he started, but particularly did not look to his right when he reached the middle line of the road. Before he was hit he saw a flash of light from his right. I think plaintiff was contributorily negligent as a matter of law. This middle-of-the-block crossing must be distinguished from intersection crossings such as in *Collins* v. *Grand Union Co.* (10 A D 2d 712) and *Knapp* v. *Barrett* (216 N. Y. 226). In the latter case, in which the court reversed a judgment for the plaintiff because the trial court had charged that (p. 228) "The law did not require that he [pedestrian] should look at all", Judge Cardozo, at page 230, said: "A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger * * *. The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he *looks* as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a question

for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault  *  *  *.  *But it is a very different thing to say that he is not bound to look at all. We have repeatedly held that one who crosses a city street without any exercise of his faculty of sight, is negligent as a matter of law*" (italics mine). If that is true in respect to an intersection or crosswalk accident where the motorist is called upon to exercise greater vigilance, it seems to me that a greater duty to look and keep looking is owed by the pedestrian where a crossing is not to be anticipated by the motorist. The mere fact that the accident happened shows the proximity of the car; and plaintiff should be charged with negligence for failing to see that which he should have seen. In such a case I think a more positive case of negligent acts on the part of the defendant must be required before the plaintiff is entitled to recover. Here there was not a scintilla of proof of any negligent act on the defendant driver's part. He was on his own side of the road. He had his lights on. There was no suggestion that he was speeding or driving recklessly. With the Code of Ordinance of the City of Glen Cove (§ 14–176) saying, " Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway", it seems to me that the failure of plaintiff to observe the defendants' automobile was contributory negligence as a matter of law. In *Casey* v. *Ross* (10 N Y 2d 834), the Court of Appeals reversed a plaintiff's judgment and dismissed the complaint, finding contributory negligence as a matter of law on plaintiff's part when she crossed Central Park South in broad daylight, 45 feet from the intersection, into the path of the defendant's car in the fourth lane after she had been motioned across by a motorist who had stopped in the third lane to let her go by.